### CONNOLLY v. RODGERS & HAGERTY, Inc.

(Supreme Court, Appellate Term. March 8, 1912.)

MASTER AND SERVANT (§ 301*)—INJURIES—RESPONDEAT SUPERIOR—EXISTENCE OF RELATION.

Plaintiff's team and wagon, in the employ of defendant, while being backed against the stringpiece of a pier, was struck by another wagon, driven by T., and pushed off the dock onto a scow. T. was hired and paid by a subcontractor of defendant, who alone had power to discharge him. The subcontractor furnished the team and wagon to T., fed and stabled the horses, and the license for the wagons was in the subcontractor's name. There was no evidence that defendant exercised any control over the subcontractor's drivers, except that defendant's clerk checked a record of the teams so furnished, and another servant told the subcontractor's drivers where they were to work and where they should dump their materials. Held, that the relation of master and servant did not exist between defendant and T., and that defendant was therefore not liable for T.'s negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1210–1216; Dec. Dig. § 301.*]

Appeal from City Court of New York, Trial Term.

Action by Teddy Connolly against Rodgers & Hagerty, Incorporated. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed and dismissed.

Argued February term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Frank V. Johnson (Murray G. Jenkins, of counsel), for appellant. John H. Rogan, for respondent.

SEABURY, J. Plaintiff sues to recover damages for the loss of a team of horses, harness, and wagon, which he alleges were precipitated from a dock on the East River through the negligence of a driver of a team who was alleged to be in the defendant's employ. The defendant was engaged in excavating certain streets in the city of New York. The excavated dirt was loaded upon trucks and carted to a public wharf, known as "O'Brien's dump." Here the dirt was dumped from the wagons into scows. The defendant did this work through subcontractors. The rear of the plaintiff's wagon had been backed up "against the stringpiece," when another wagon driven by one Thompson struck the pole of the plaintiff's wagon, and pushed the wagon and team of the plaintiff off the dock into the scow. The

---

court below charged the jury that Thompson was an employé of the defendant. This ruling of the court presents for determination the only question raised by this appeal.

The proof shows that Thompson was hired and paid by Reardon, who was a subcontractor of the defendant, and that Reardon alone had power to discharge him. Reardon also furnished the team and wagon, and fed and stabled the horses, and the license for the wagons which he used was in his name. Nor did the evidence establish that the defendant exercised any control over the drivers employed by Reardon. The claim of the plaintiff that the defendant did exercise such control seems to be predicated upon the fact that the defendant employed one Slattery, whose duty it was to "check" the record of the teams which Reardon furnished, in order to make out the fortnightly pay sheet pursuant to Reardon's contract with the defendant, and that Slattery told the drivers where they were to work and where they were to dump their material.

We think that the relation of master and servant did not exist between the defendant and Thompson, and that the defendant did not exercise such control over Thompson as to make it liable for his negligence under the rule of respondeat superior. Kellogg v. Church Charity Foundation Co. of L. I., 203 N. Y. 191, 197, 96 N. E. 406, and cases cited. Notwithstanding that the evidence failed to establish, either that the defendant employed Thompson or that it exercised any control over Thompson in the work which he did, the court charged the jury as a matter of law that Thompson was the employé of the defendant. We think that this charge was clearly erroneous, and that the evidence established as a matter of law that Thompson was not the employé of the defendant, but was employed by Reardon.

Judgment and order reversed, and complaint dismissed, with costs to the appellant. All concur.